## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MARY ROWRY, INDIVDUALLY**          **PLAINTIFFS**
**AND ON BEHALF OF ALL THE WRONGFUL DEATH**
**BENEFICIARIES AND THE HEIRS AT LAW OF**
**HER SON KHIREY PORTIS, DECEASED; AND**
**THE ESTATE OF KHIREY PORTIS,**      Case Number:  3:22-cv-68-CWR-FKB
**THE DECEASED**

**VS.**

**CITY OF MERIDIAN, MERIDIAN POLICE DEPT.**    **DEFENDANTS**
**MERIDIAN CITY COUNSEL PERSON[S],**
**KEMPER COUNTY, KEMPER COUNTY BOARD**
**OF SUPERVISORS, KEMPER COUNTY SHERIFF DEPT.,**
**KEMPER COUNTY CITY COUNSEL, JOHN DOE, AND**
**JOHN DOE COMPANY 1-5**

---

## COMPLAINT
## (jury demanded)

---

**COMES NOW,** Plaintiffs  by and through their attorney and files this complaint against

Defendants for violation of the deceased U.S. Constitutional 4th free from unlawful

seizure, 14th Amendment, 8th Amendment, 42 U.S.C.A. Section 1983, STATE CLAIMS

of wrongful arrest and imprisonment, delay/denial of medical care, reckless infliction of

emotional distress, reckless negligent infliction of emotional distress, reckless

endangerment, reckless disregard, wrongful death, reckless negligent supervision,

reckless negligent hiring, and reckless negligent training.

## JURISDICTION AND VENUE

This matter is actionable under the United States Constitutional Fourteenth Amendment, and U.S.C.A. 42 § 1983.   And this court has supplemental jurisdiction over all of the state claims under **28 U.S.C. 1367.**

## VENUE

Venue is proper because there exist federal questions asserted by Plaintiffs and Defendants are located in the jurisdiction of the Southern District of Mississippi Northern Division.

## EXHAUSTION OF THE REQUIRED MISS. CODE ANN.11-46-11(1)

Plaintiffs filed the required notice of intent to sue with the City of Meridian, Meridian Police Department, Meridian City Counsel Person[s], Kemper County, Kemper County Board of Supervisors, Kemper County Sheriff Department, and Kemper County City Counsel.   The letter of claims is attached hereto as **exhibit A.**

## PARTIES TO THE COMPLAINT

1. City of Meridian address is located at 601 23rd Avenue Meridian, Mississippi 39302. This Defendant may be served with process through its municipal office of the clerk.

2. City of Meridian Police Department is located at 510 22nd Avenue S Meridian, Mississippi 39301.  This Defendant may be served with process through its municipal clerk office.

3. Meridian City Counsel Person[s] address is 628 25th Avenue Meridian, Mississippi 39301. This Defendant may be served with process through the City of Meridian municipal clerk office or the president of the counsel.

4. Kemper County's address is 14431 Highway 16 West Dekalb, Mississippi.   This Defendant may be served with process through its president or clerk of the board of supervisors.

5. Kemper County Sheriff's Department is located at14489 Highway 16 West, De Kalb, Mississippi, 39328. This Defendant may be served with process through the president of board the supervisors or the Board's clerk.

6. Kemper County City Council is believed to be the same as the Kemper County Board of Supervisors is located at 280 Beterans Street Dekalb, Mississippi with a P.O. BOX 188 Dekalb, Mississippi 39328.   This Defendant may be served with process through the president of the Board or clerk of the board.

7. **FACTS as to Defendant City of Meridian, Meridian Police Department , Kemper County and Kemper County Sheriff Department:**

8.  On or around July 6, 2020 deceased Khirey Portis was arrested and detained by the Meridian Police Department.   However, as of July 8, 2020 Meridian Police Department's case history chart failed to show that the deceased was lawfully booked into the Meridian Police Department system. Please **exhibit B** (the Meridian  Police

Department Charge party history). Found within Meridian Police Department document[1] reveals that the last arrest for the deceased is May 28, 2020.

**9.**   However, Kemper County Sheriff's Office shows that the deceased, Khirey Portis was transported to Kemper County Jail by the Meridian Police Department on July 06, 2020 at 11:48 P.M. central standard time and with a charge of robbery.  Please see **exhibit C.** Please see **exhibit C** the record from Kemper County Sheriff's office showing the booking Number for the deceased as 21888-2, age, gender, picture of the deceased, booking date and the release date of his dead body as July 7, 2020 although evidence will also show that these times are also reckless stated, the document also shows a charge of Robbery against the deceased.

**10.**   Plaintiffs contend that on July 6, 2020 Meridian Police Department transported the deceased to Kemper County Detention Facility operated, managed, kept, maintained and/or monitored daily by Kemper County Sheriff Department book the deceased into Kemper County Detention facility at 11:48 P.M.  Additionally, the official record of the John C. Stennis Memorial Hospital on July 7, 2020 that Kemper County Detention Facility operated and ran by the Kemper County Sheriff's department that its employees, agent, representative or other custody personnel lasted check in on the deceased at 12:00 Midnight and there hanging dead in his jail cell.  Please see **exhibit D.**

---

[1] The official document will be presented in discovery of this case, this copy is only for the purpose of F.R.C.P. 8 a concise statement of a fact.

11. Plaintiffs further contend that **exhibit D,** the hospital record of the date of death of Khirey Portis also shows the medical staff report reporting that the deceased was placed in the jail cell alone and that the deceased has a history of mental illness ***PER THE KEMPER COUNTY SHERIFF'S DEPARTMENT WHOM CALLED FOR AN AMBULANCE FROM THE JAIL TO THE HOSPITAL.***

12. Additionally, Plaintiffs avers that the hospital records reflect that the deceased had been down for [49] minutes before resuscitative measures were begun.[2]  at the time of ending the recitation process and the time of death was called at 2:49.   Plaintiff further contend that the medical record also shows there were no witnesses to the hanging, and that it is unclear the length of down time before **ANY TREATMENT BEGUN.** Please see **exhibit D.**

13. As a result, the deceased Khirey Portis was pronounced dead at 2:49 A.M. July 7, 2020. Please see **exhibit E** the death Certificate of Khirey Portis.

14. Moreover, Hospital records as attached hereto as **exhibit F,** holds that the deceased Khirey Portis was found hanging by Kemper County Sheriff Detention Center employee, and that [2] hours was passed before the deceased was seen, monitored or even safety checked by Kemper County Sheriff's Department.  It is clear that Kemper County Sheriff Department placed the deceased in a cell alone with bed sheets within his reach and use, which indicates that Defendant Kemper County was aware that

---

[2] Plaintiffs cannot discern whether the near hour down was at the jail or hospital, but it appears that the hospital is stating from the jail which is where recitation began by the employees of the jail.

there was a risk of suicide, but such risk was disregarded by Kemper County Sheriff's Department while being in control of the Kemper County Detention Center.

15. Plaintiffs avers that the City of Meridian and the Meridian Police Department recklessly failed to properly make a booking of the arrest and detention of the deceased and failed to provide the deceased with the mental medical attention that the knew or should have known was needed for the safety and protection of the deceased.

16. Plaintiffs avers that the City of Meridian through its Meridian Police Department failed to provide the basic need of medical attention and mental care of the deceased while they arrested and detained the deceased.

17.  Moreover, Plaintiffs avers that Meridian Police Department had actual and constructive knowledge of the mental illness of the deceased when on and around April 15, 2020[less than 90 days of the deceased death) Meridian Police Department arrested and detained Khirey Portis for exposing himself in the public.  In fact, Mary Rowry, the mother of the deceased states in her sworn affidavit that on April 15, 2020 a Meridian Police Officer[3] brought the deceased to her house and stated that someone on 8th Street Meridian, Mississippi called the police and he was dispatched to find the deceased exposing himself.  Please see **exhibit G.**

18. However, instead of properly booking and making a record of the arrest, Meridian Police Department took/brought the deceased to his mother house as though the

---

[3] The first officer name was not known to Plaintiffs, but he is the officer whom arrested and brought the deceased to the home of Mary Rowry.

mother was a doctor or even the jail.  Mary Rowry's affidavit states that the officer

knocked on her door and when she opened the door and asked who she was.  After

identifying herself as the deceased mother, the Meridian Police Officer said he was

bringing the deceased to her.  At that point Mary Rowry, not having transportation to

get around town, asked the Meridian Police Department if he could give her and the

deceased, Khirey Portis a ride to Alliance Health Center[4] located on Highway 39

North Meridian, Mississippi. After seeking permission from his supervisor this

officer stated to the deceased mother that his supervisor specially stated that another

officer is on the way and that officer can take her and the deceased to Alliance Health

Center.   It followed that office Micheal Allen of the Meridian Police Department

arrive in a marked Meridian Police Department car and placed the deceased and his

mother, Mary Rowry on the back seat and escorted them both to Alliance Health.

Plaintiff contend that upon arriving at Alliance Health, Officer Michael Allen had to

open both back passenger doors because they were not operable for existing from the

inside of the patrol car.  Plaintiff further contend that once out of the vehicle, Officer

Michael Allen then merely drove off without providing any paper work nor case

number   to either Mary Rowry nor to the deceased.     Please see **exhibit H,** the

medical records from Alliance Health Center showing under History of Present

illness: " ***He was taken by the CIT officer and became aggressive, so he was***

---

[4] Alliance health handles persons with psychological disorders and Plaintiff Mary Rowry
worked for Alliance Health.

*brought to Alliance."* The report also shows that the deceased had a history of Schizophrenia, paranoid type.

19. Additionally, **exhibit H** also shows that the deceased was placed on a 72 hour hold, due to mental condition.   Plaintiffs avers that because Kemper County isolated Plaintiff in their detention center on July 6, 2020 demonstrates that knowledge of Khirey Portis propensity of harming himself or other, otherwise, it would seem that the deceased would have been placed in a holding unit with other inmates.

20. Also, **exhibit H**, of Alliance Health records at page 2 and under Mental Status Examination, Alliance record shows: ***THOUGHT CONTENT: HE WAS PARANOID, DELUSIONAL, AND POSITIVE OBSESSIONS......He was DENYING SUICIDAL OR HOMICIDAL IDEATIONS.***

21. Plaintiffs avers that on July 6 2020 Defendant Meridian Police Department was reckless in arresting and detaining the deceased here there was no record of what the deceased was arrested for[5] and without proper booking and a medical examination, providing the deceased with his meds for his schizophrenia paranoia.   Instead, Meridian Police Department transported the deceased whom according to the Kemper County Detention Center was in possession and custody of the deceased at all times on July 6, 2020 prior to 11:48 P.M. on the day prior to his death in the jail of Kemper County.   Plaintiffs contend the the Meridian Police Department, through its

---

[5] Kemper County Sheriff's office in exhibit B holds that the deceased was arrested for robbery, but there is no such record nor complainant showing that the deceased was arrested by Meridian Police Department for robbery.

Officer Michael Allen knew that the deceased was mentally ill and challenged because the Meridian Police Department is whom transported the deceased and his mother to Alliance Health just [90] days prior to the deceased being found hung to death in a cell by himself on July 7, 2020.

22. ***Now, as to <u>Kemper County, Kemper County Sheriff Department and Kemper County Board of Supervisors</u>*** being liable for the actions or omission thereof of the Kemper County Sheriff, had a duty to exercise a reasonable standard of care for the deceased when Kemper County Sheriff Detention officers  placed the deceased, in a cell, alone, and did not **<u>CHECK ON HIM FOR TWO HOURS LATER</u>** which by then he was hanging from Kemper County's Detention Center ceiling.   Please see **exhibit D and F.**

23. In fact, and per the John C. Stennis Memorial Hospital record, **exhibit D,** "patient(deceased Khirey Portis) was in the Kemper County Jail, ***LAST    SEEN WELL AT MIDNIGHT***, found hanging in cell at 2:00 A.M.  ***Patient has a history of mental illness <u>PER POLICE</u>[6].   CPR was initiated by Jail staff.***"  It follows the reasonable standard that  if Kemper County knew to place the deceased Khirey Portis in a watchful cell alone, and that he had a history of mental illness,  then it would not have been remote to expect Kemper County to check on the deceased by camera or in person less than two hours of booking him in.   Plaintiffs contend but for Kemper

---

[6] This fact "per police" strongly suggest that the information was provided from the Kemper County Police Department.

County giving the deceased the proper care of a medical exam, ensuring that he was on his medication and taking a watchful eye for the deceased propensity to harm himself, the deceased, Khirey Portis would likely still be alive today.

24. Plaintiffs further avers that the deceased had a constitutional right to have the basic need of medicine and safety while being detained by the police.  In fact,  the 5th Circuit holdings in wrongful death jail hanging holds that: " Unlike convicted prisoners, whose rights to constitutional essentials like medical care and safety are guaranteed by Eighth Amendment, pretrial detainees look to procedural and substantive due process guarantees of Fourteenth Amendment to ensure provision of these same basic needs. ***Jacobs v. W. Feliciana Sheriff's Dep't,*** 228 F.3d 388, 397–98 (5th Cir. 2000). That court went further and stated that: " official's episodic act or omission violates pretrial detainees' due process rights to medical care and protection from harm if official acts with subjective deliberate indifference to detainee's rights."

25. Likewise, in this case, Plaintiffs avers that the City of Meridian Police Department and Kemper County Sheriff Department had a duty to protect the deceased Khirey Portis from suicide hanging while in their custody and possession. This duty was known to the City of Meridian Police Department and Kemper County Sheriff Department at all times relevant to the deceased wrongful death.  Additionally, the City of Meridian, the Meridian City Counsel, as well as Kemper County and its Boards and City Council duty not to violate the deceased established constitutional

rights at all times relevant to the omission of that duty on July 6, 2020 and July 7, 2020.

26. Further, Plaintiffs avers that Defendants the City of Meridian, Meridian Police Department and Meridian City Counsel acted with deliberate indifference when it adopted, either express or implied policy and procedure, and/or decision to allow its police officers to arrest and detain the deceased with no record of the arrest, only the 911 call out by a citizen, and take the detained deceased to his mother house and then on April 15, 2020 take both the deceased and his mother to Alliance Health, a mental institution. Please see **exhibit G**, Mary Rowry sworn affidavit.   Additionally, the indifference is shown when Meridian Police Department was allowed to transport the deceased to Kemper County Detention facility without providing the deceased his medication, not to mention making a timely record of the arrest, detention and to prevent the hanging of the deceased the next day, July 7, 2020.

27. Furthermore, Plaintiffs avers that Defendants was aware and knew or should have known by __other jail hangings at Kemper County by mentally ill persons'__ that the risk of  suicide existed at all times relevant to the hanging of the deceased.  Plaintiffs submit **exhibit I,** is another hanging at Kemper County Jail just a few weeks after the deceased, Khirey Portis.  The 17 years old deceased was a minor[7] was found to have hanged himself in Kemper County Jail.

---

[7] Because the deceased in that jail hanging was only 17 years old his name could not be released for the purpose of this lawsuit, at least at this stage.

28. Yet another hanging in Kemper County Jail was when the deceased Robert Wayne Jonson was also found suicidally hanged to death in his cell at the Kemper County Jail. Deceased Mr. Johnson's case number in District Court is 3:19-cv.00700 **Please see exhibit J.** Plaintiffs further assert that Defendants Kemper County, Kemper County Police Department and Kemper County Board of Supervisors were aware of the problems with mentally ill detainees hanging themselves prior to Plaintiffs son Khirey Portis hanging in Kemper County Detention Center but did nothing to prevent the death of the deceased but instead, encourage the risk of hanging by leaving bed sheets in the cell of Khirey Portis on July 6, 2020 as stated in **exhibit D.** Plaintiffs also avers that the City of Meridian and the Meridian Police department contributed to the death of the deceased Khirey Portis when they failed to show a timely record that any schiphrania medications were provided to Khirey Portis prior to transporting him to Defendants Kemper County. Plaintiffs contend that all Defendants knew at all times relevant to the deceased hanging that Plaintiff might have had suicide impulses based on the call that the deceased was acting with aggressive impulses which could have triggered his desire to hang himself.

29. Plaintiffs further maintain that the City of Meridian, Meridian City Counsel in adopting the Meridian Police Departments policy and procedure of arresting and detaining, and the same day merely dropping the deceased off at his mother's house, and then on that same day take both the deceased and his mother to a mental facility, acquiesce the Meridian Police Department violation of the deceased constitutional

right to be free from unlawful seizure of the persons(deceased) and 14th Amendment rights.

30. Plaintiffs state claims of wrongful arrest, detention, and imprisonment, delay/denial of medical care is shown in each and every paragraph above when Meridian Police Department failed to ensure that the known by them mentally ill deceased Khirey Portis was evaluated and provided medicines while being detained, and to make a record to the public of the arrest and detention and the charge for the arrest and detention.  Kemper County wrongful death claims have already been fully plead by the facts asserted above so to repeat them likely would simply be redundant. Meridian Police Department the City of Meridian and the Meridian City Counsel have demonstrated a reckless degree of emotional distress and intentional emotional distress, reckless endangerment, reckless disregard of human life,  when they failed to prevent the death of Khirey Portis all while knowing that the City of Meridian, the Meridian Police Department, the City Counsel whom has records of other mentally ill arrested persons in Meridia's custody, and Kemper County, Kemper County Sheriff's Office, and the Kemper County Board of Supervisors all knew and was aware of Jail hangings in the Kemper County Detention Center which  has already had several jail hangings prior to the wrongful arrest, detention and imprisonment of the deceased Khirey Portis, did nothing to prevent Khirey Portis hanging death.  As such, these facts as presented in this lawsuit alone with the attached exhibits demonstrates that all Defendants created a   reckless infliction of emotional distress, reckless negligent

inflction of emotional distress, reckless endangerment, reckless disregard, wrongful death.

31. Last, the City of Meridian through ratifying Meridian Police Department's pattern and procedures of the officers and staff that failed to prevent the suicidal hanging of the deceased Khirey Portis is found in violation of reckless negligent supervision, reckless negligent hiring, and reckless negligent training of its employees in preventing the foreseeability of the risk associated with placing a known by them mentally ill person under arrest and detention without providing the deceased the required medications to prevent the very death that has occurred.

32. Furthermore, Kemper County, Kemper County Sheriff's Department and Kemper County Board of Supervisors are shown to violate their policy and procedures relating to isolating a mentally ill person, the deceased, in a cell alone with bed sheets and never checking on the inmate until [2] hours latter where they found the deceased dead by hanging. .

33. Similarly, the 5th Circuit opined in **_Shepard v. Hansford Cty._**, 110 F. Supp. 3d 696, 715 (N.D. Tex. 2015); a nexus of similar facts and the same elements.

34. Plaintiffs further contend that "But For" the deliberate indifference  by Meridian Police Department untimely official record of the deceased being under there custody and possession on July 6, 2020 and, their failure to provide medical evaluation with even a phone call to the deceased mother, or even the known mental institution, Alliance Health, which Defendant Meridian Police Department had knowledge that

the deceased was a patient there,  then the decease Khirey Portis might still be alive today.   Plaintiffs are vehemently astute that Defendants the City of Meridian Police Department knew that by the deceased Khirey Portis arrest and detention by Meridian Police Department on April 15, 2020( less than 90 days prior to his hanging in Kemper County Detention Facility), that  Meridian Police Department  was clear that the deceased Khirey Portis was mentally ill enough to harm himself.

35. Then *Defendants Kemper County and Kemper County Board of Supervisors* clearly adopted the Kemper County Sheriff's Department policies, procedures and customs when it is factually shown that Kemper County took custody and possession of the deceased, Khirey Portis on July 6, 2020 at 11:48 P.M. and placed the deceased in a holding cell alone with bed sheets within the scope of the deceased reach.  The fact that Plaintiff was in a cell alone reveals that Kemper County Detention Center/ran by Kemper County Sheriff's Department was aware of the deceased propensity to self harm himself, otherwise, why would Kemper County Sheriff's Department place the deceased alone in a cell.

36. Plaintiffs avers that Kemper County Sheriff's Department had a policy, procedure and/or custom to isolate a detainee if they believed that the detainee could commit suicide and hang himself.  As such, leaving the bed sheets to be accessible to the deceased was clearly deliberate indifferent, thereby eliminating any qualified immunity.

37. Moreover, Kemper County Sheriff Department actions of placing the deceased in a separate cell strongly suggest that the knowledge of harm to others and/or himself was reasonably plausible.   Defendants Kemper County, Kemper County Sheriff Department, appear to have known that the harm of hanging himself was reasonable and that the harm would likely resurrect the risk as did, the hanging death of the deceased.  Additionally,  the facts reveal that even while knowing that the deceased could hang himself, Defendant Kemper County Sheriff Department ignored the signs of self harm when the placed the deceased in a single cell with bed sheets at his disposable to hang himself.

38. Further, Plaintiffs contend that "But For" the deliberate in by Meridian Police Department timely official record of the deceased being under there custody and possession on July 6, 2020 and, provided no medication for the deceased all while knowing or had a duty to know that the deceased, Khirey Portis was mentally Schizophrenia, paranoia based upon their own arresting and detaining  Khirey Portis on April 15, 2020(a few months prior to his hanging in Kemper County Detention Facility), where Meridian Police Department Officer Micheal Allen transported the deceased to a mental evaluation clinic, Alliance Health Center.

39. To show established law supports Plaintiffs claims in this lawsuit, Plaintiff offer the holdings of 5th Circuit when they opined that: "to establish municipal liability under § 1983, the plaintiff must prove (1) the existence of a policymaker; (2) the existence of an official municipal policy; and (3) a violation of the plaintiff's constitutional

rights whose moving force was the municipal policy or custom. ***Duvall v. Dall. Cnty., Tex.***, 631 F.3d 203, 209 (5th Cir.2011); ***Piotrowski v. City of Hous.***, 237 F.3d 567, 578 (5th Cir.2001).  As such, the facts and law applied to those facts in this lawsuit strongly demonstrates that there was indeed a constitutional violation of Plaintiffs 4th, 14th, and even 8th amendment rights because both the City of Meridian and Kemper County and its Board adopted the Meridian Police Department and the Kemper County Sheriff's Department policies, procedures and custom of detainees in their possession and custody.  And as a result, Plaintiffs claims are actionable and no set of facts will birth qualified immunity for any Defendant named in this suit.

### COUNT ONE:  Violation of  Constitutional protected rights 4th, 8th, and 14th Title 42 of the United States Code, Section 1983

 Plaintiffs repeats and re-alleges all paragraph and herein found in this complaint.

Plaintiffs 2nd, 4th, and 14th U.S. Constitutional Amendments Rights, Title 42 of the United States Code, Section 1983  as provided by the U.S. Federal Government has been unconstitutionally violated by *all* Defendants the City of Meridian, Meridian Police Department, Meridian City Counsel Person[s], Kemper County, Kemper County Board of Supervisors, Kemper County Sheriff Department, and Kemper County City  Counsel.

 Plaintiffs contend that the actions of all Defendants were negligent, reckless, willful, deliberate indifference and maybe sometimes intentional and showed a reckless disregard for the life of the deceased, Khirey Portis.  And as such, deprived the Plaintiffs of  life, liberty, physical and emotional health as afforded by the United States Constitution,

**COUNT TWO: ALL CLAIMS LISTED IN THIS SUIT ACTIONABLE UNDER**

**STATE CLAIMS**

Plaintiffs repeat and re-allege all previous paragraphs, as if set forth fully herein, and in the complaint.

Plaintiffs assert  STATE CLAIMS of wrongful arrest and imprisonment, delay/denial of medical care, reckless infliction of emotional distress, reckless negligent infliction of emotional distress, reckless endangerment, reckless disregard, wrongful death, reckless negligent supervision, reckless negligent hiring, and reckless negligent training are all actionable as claimed above.

Plaintiffs contend that the actions of all Defendants were negligent, reckless, sometimes intentional, willful and showed a reckless disregard for Plaintiffs life, liberty, physical and emotional health  asserted in the above paragraphs.

**COUNT THREE:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs repeat and re-allege all paragraphs as if set forth fully herein and in the complaint. Plaintiff further avers but for the wrongful arrest and imprisonment, delay/ denial of medical care, reckless infliction of emotional distress, reckless negligent infliction of emotional distress, reckless endangerment, reckless disregard, wrongful death, reckless negligent supervision, reckless negligent hiring, and reckless negligent

training Plaintiffs would not have suffered the death of their son, brother and friend nor the mental anguish mental anguish as explained in each paragraph above, nor suffered their families and love ones to be subjected to the end result of the death of the deceased Khirey Portis  this was a direct consequence of the actions by all Defendants.

## DAMAGES

The actions of all  Defendants  were  reckless and negligent, wanton, with a deliberate indifference to the life of Khirey Portis, the deceased. As such, Plaintiffs have been damaged to the full extent of the authority of this court especially since their is no mathematical formula to value a person's life, and emotional trauma.

As a consequence of the foregoing misconduct of all Defendants,  Plaintiffs sustained pain and suffering, excessive mental distress, emotional distress, depression, insomnia, shock, fright, embarrassment, loss of life,   loss of peaceable life and further life .  And as a result of the foregoing misconduct of  these Defendants,  Plaintiffs  has  been damaged in an amount of the limits of this Court's  jurisdiction.

## RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

1.   Enter a Consent D .    that Kemper County must amend its policies to protect those housed in its facility.  And that Meridian Police Department must create and show to

the public at the reasonable time the arresting information including the date, time and charge of individuals arrested by them.

2.     Award    Plaintiffs with Damages for loss of life, Compensatory damages, consequential damages, attorney fees, cost of litigation, cost of experts, economic damages, future damages, actual damages, discretionary damages, excess damages, double damages, expectation damages, foreseeable damages, any damages that are to be determined by a jury, against all Defendants;

3.  Award  Plaintiffs with Punitive damages against all Defendants, except where statutes prohibits the same.

4.  Such  injunctive  relief  as  the  Court  deems  necessary  and  proper  against  all Defendants;

5.   Any other relief to which the Plaintiffs may be entitled but not listed above.

**RESPECTFULLY SUBMITTED this the  11th day of February, 2022**

**/s/ Abby Robinson esq. MSB(105157)**

**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
**227 E. Pearl Street**
**Jackson, Mississippi 39201**
**Ph. 601-321-9343**
**Fax. 601-487-6326**
**Email: arobinsonlawfirm@yahoo.com**
**Secondary: abby@askabbylaw.org**

**CERTIFICATE OF SERVICE**

I the undersigned do declare that I have filed the foregoing document with the Clerk of the Court of whom shall serve an electronic copy of the same filing with each party to this matter.

**Submitted  February 11,  2022**
**/s/ Abby Robinson esq. MSB(105157)**
**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
**227 E. Pearl Street**
**Jackson, Mississippi 39201**
**Ph. 601-321-9343**
**Fax. 601-487-6326**
**Email: arobinsonlawfirm@yahoo.com**
**Secondary: abby@askabbylaw.org**