IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY ROWRY, et al.,**

*Plaintiffs,*

v.

CAUSE NO. 3:22-CV-68-CWR-FKB

**CITY OF MERIDIAN, et al.,**

*Defendants.*

## ORDER

Before the Court are the Defendants' motions to dismiss, the Plaintiffs' responses in opposition, and the Defendants' replies. *See* Docket Nos. 31, 42, 45, 46, 60, and 62. Upon review, the motions will be granted.

**I.    Facts and Procedural History**

On July 6, 2020, 17-year-old Khirey Portis was arrested and detained by the Meridian Police Department on a charge of attempted robbery. Docket No. 1 at 4. Portis was booked into the Kemper-Neshoba Regional Correctional Facility shortly before midnight and placed alone in a room pursuant to COVID-19 protocol. *Id.*

Just under two hours later, officers found Portis hanging by a bed sheet in his cell. *Id.* at 9. Despite medical intervention, Portis was pronounced dead at Rush Hospital in Meridian at 2:49 a.m. on July 7, 2020. *Id.* at 5.

The Plaintiffs, Khirey Portis's mother and Estate, commenced this suit bringing claims against the Defendants under the Second, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and state law. *Id*. at 1.

The Plaintiffs allege several claims against the Defendants. Those claims include that the Defendants: 1) "recklessly failed to properly make a booking of the arrest and detention of the deceased"; 2) "failed to provide the basic need of medical attention and mental care of the deceased while they arrested and detained the deceased"; 3) "had actual and constructive knowledge of the mental illness of the deceased when on and around April 15, 2020 (less than 90 days of the deceased death) Meridian Police Department arrested and detained Khirey Portis for exposing himself in the public"; 4) "had a duty to protect the deceased Khirey Portis from suicide hanging while in their custody and possession"; 5) were "aware and knew or should have known by other jail hangings at Kemper County by mentally ill persons' [sic] that the risk of suicide existed at all times relevant to the hanging of the deceased"; 6) had a "policy and procedure of arresting and detaining, and the same day merely dropping the deceased off at his mother's house, and then on that same day take both the deceased and his mother to a mental facility, acquiesce [sic] the Meridian Police Department violation of the deceased constitutional right to be free from unlawful seizure of the persons (deceased) and 14th Amendment rights"; and 7) "failed to ensure that the [sic] known [sic] by them mentally ill deceased Khirey Portis was evaluated and provided medicines while being detained, and to make a record to the public of the arrest and detention and the charge for the arrest and detention." *Id*. 6-13.

The present motions to dismiss followed. Docket Nos. 31 and 46.

The Defendants contend that the Plaintiffs have failed to allege claims as to "Kemper County Sheriff's Department," "Kemper County City Counsel," the "Kemper County Board of Supervisors," the "Meridian Police Department," and "Meridian City Counsel Person[s]" for two reasons. First, they say, the Plaintiffs have not alleged facts to indicate that any of the above entities enjoy a separate legal existence apart from their cities or counties. Docket No. 22 at 3 and 5; Docket No. 47 at 3. Second, the Defendants posit that no organization, entity, or government agency by the name of "Kemper County City Counsel" exists. Docket No. 22 at 5.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Upon considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Though the plaintiff need not "plead detailed factual allegations," a successful complaint requires "more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id*. A claim must be "plausible on its face," enabling the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id*.

**III.  Discussion**

    **A. Kemper County Sheriff's Department, Meridian Police Department, and Kemper County Board of Supervisors**

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to sue and be sued. Fed. R. Civ. P. 17. Rule 17(b)(3) provides that the capacity to sue or be sued is determined by the law of the state in which the court is located. Fed. R. Civ. P. 17(b)(3). Consequently, the Court turns to Mississippi law to determine if either the Kemper County Sheriff's Department, Meridian Police Department, or Kemper County Board of Supervisors are legal entities subject to suit.

"[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the] County." *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006). It is not a political subdivision and not amenable to suit. *Id*. Mississippi federal district courts are in unison. *See Cunningham v. Hinds County Sheriff's Dept.*, No. 3:12-cv-634, 2012 WL 5384642, at *2 (S.D. Miss. Nov. 1, 2012); *Higginbotham v. City of Louisville, Mississippi*, No. 1:19-cv-24, 2019 WL 4934949, (N.D. Miss Oct. 7, 2019). This is the same for police departments. *See Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-cv-207, 2011 WL 46529665, at *2 (N.D. Miss. Sept. 28, 2011). Therefore, the Kemper County Sheriff's Department and Meridian Police Department are dismissed.

Several courts in this district have similarly concluded "that a county board of supervisors is not a separate legal entity capable of being sued." *Smith v. Simpson County*, No. 3:17-cv-1009, 2018 WL 8997441, at *2 (S.D. Miss May 21, 2018). For that reason, the

Plaintiffs' claims against Kemper County Board of Supervisors simply merge with those asserted against Kemper County itself.

### B. Kemper County City Counsel and Meridian City Counsel Person[s]

Next, the Court considers whether the "Kemper County City Counsel" or "Meridian City Counsel Person[s]" are entities amenable to suit.

The Defendants contend that "there is no entity known to exist by the name of 'Kemper County City Counsel.'" Docket No. 22 at 5. They reason that Kemper County "is a county, not a city," and that "it is governed by a board of supervisors, not a city council." *Id*. As to the Plaintiffs' allegations against "Meridian City Counsel Person[s]," the Defendants aver that they are not a legal entity subject to suit under Rule 17(b)(3). Docket No. 47 at 2. In response, the Plaintiffs make several allegations but do not address whether either "Kemper County City Counsel" or "Meridian City Counsel Person[s]" are legal entities subject to suit. Docket No. 61.

Like the analysis above, Mississippi law governs whether either the "Kemper County City Counsel" or "Meridian City Counsel Person[s]" may be sued under Rule 17(b)(3). As to "Kemper County City Counsel Person[s]," the Court finds that Plaintiffs seek relief from an entity that does not exist.

Turning to "Meridian County City Counsel Person[s]", the Court finds that although the City of Meridian has a City Council, the Plaintiffs once again fail to offer any legal authority supporting that it is a separate legal entity amenable to suit under Rule 17(b)(3). Moreover, the Plaintiffs do not make specific allegations as to any City Council person individually; instead, they, by extension of the Meridian Police

5

Department, seek to vicariously impute alleged police misconduct and a duty to protect Mr. Portis to the Meridian City Council.

Accordingly, the "Kemper County City Counsel" and "Meridian County City Counsel Person[s]" are dismissed.

## IV. Conclusion

In sum, the Court finds that the Kemper County Sheriff's Department, the Kemper County Board of Supervisors, the "Kemper County City Counsel," the Meridian Police Department, and the "Meridian County City Counsel Person[s]" either do not exist or are not separate legal entities capable of being sued. Thus, the Defendants' motions to dismiss are **GRANTED**, and the above-named defendants are **DISMISSED WITH PREJUDICE**. This suit will proceed against the City of Meridian and Kemper County.

**SO ORDERED**, this the 22nd day of March, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE